THE CAMDEN, GLOUCESTER AND WOODBURY RAILROAD COMPANY v. THE GUARANTORS OF PENNSYLVANIA.

1. An unincorporated association, doing business in a recognized name, like an ordinary partnership, cannot go out of existence while its contracts and obligations are outstanding.

2. The defendant was an unincorporated association engaged in the insurance business under the name above mentioned. By the articles of association the government of the association was vested in a board of government, consisting of twenty-five members, to be elected annually. The suit was brought upon a contract of indemnity made by it, dated July 11th, 1893, for the period of one year. The summons was served on R., a member of the association and also one of the board of governors. The association had quit business in March, 1894. *Held*—

(1) That the summons, service and return would not be set aside on the ground that the association was not in existence when the suit was begun.

(2) That under the act of May 23d, 1890 (*Gen. Stat.*, p. 2592, § 342), service of the summons on R. was properly made.

---

On contract. On rule to show cause why a summons and service should not be set aside.

Argued at June Term, 1896, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the rule, *Thomas E. French.*

*Contra, David J. Pancoast.*

The opinion of the court was delivered by

DEPUE, J. This suit was brought by the plaintiff upon a contract to indemnify it against legal liability for injury to or death of persons arising by reason of casualty occurring in, upon or about, or by reason of the plaintiff's street railroad. The contract is dated July 11th, 1893, and was for the period of one year. It was made in the name of "The Guarantors of Pennsylvania." This body is an unincorporated association composed of one hundred individuals, who are engaged in this branch of business under the name above mentioned. By the articles of association the government of the association is vested in a board of government, consisting of twenty-five members, to be elected annually.

The summons was served by the sheriff of Camden county on Maurice A. Rogers, a member of the association and also one of the board of governors. This application is made to set aside the summons, service and return on two grounds— *first,* that the association was not in existence when this suit was begun, and *second,* that service on Mr. Rogers was not legal service. It does not appear that the association was dissolved by any legal proceedings. All that appears is that in March, 1894, the association quit business. The policy issued in this case, although in form purporting to be in a corporate name, is in legal effect the contract of the individual members of the association, doing business in the assumed name. An association of this kind, like an ordinary partnership, cannot go out of existence while its contracts and obligations are outstanding. Nor does it appear that Mr. Rogers had ceased to be one of the board of governors when process was served upon him. When he was last elected a

governor does not appear. His name is on the plaintiff's policy as a governor, and all else that appears is that he was one of the board of governors at the time the association went out of business, in March, 1894. Inasmuch as the elections were held in January in each year, the fair inference from the testimony is that Mr. Rogers, who was a member of the board in March, continued in office as a member of the board until the succeeding December, when the writ was served. Service of process in suits against associations of this kind is regulated by statute. *Gen. Stat.*, *p.* 2592. The statute enacts "that any unincorporated company, stock company or association consisting of two or more persons united together for business purposes and having a recognized name, may be sued by such recognized name  *  *  *  in any action affecting the common property or the joint rights and liabilities of such company or association, and all processes or other papers in such suit shall be served on the president or on any officer for the time being of such company or association, or on the agent or manager of such company or association, or upon any person being in charge of the business of such company or association." This company is an unincorporated company within the meaning of this statute. The articles of association, under the title of officers, provide that the government of the association shall be vested in a board of governors. The articles also provide for monthly stated meetings of the governors, at which a full report of the preceding month's business should be presented, which, having been countersigned by order of the board of governors, shall be printed and furnished to each member, and the board of governors is required to designate the depository or depositories in which the funds of the association shall be placed. The articles provide for the election of chairman and two vice chairmen, but those officials have no duties except to be *ex officio* members of all boards. They also provide for a board of five managing directors, to be elected by the board of governors from its members. Under these articles of association the affairs of this company were under the man-

agement and control of the board of governors.   A member of that board is an officer of the association within the meaning of the statute.

We think that service was properly made upon Mr. Rogers. The rule to show cause should be discharged, with costs.